**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**PITTSBURGH**

|  |  |  |
|---|---|---|
| ZHANEA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:24-CV-01635-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| ART OF EYECARE, | ) | |
| | ) | |
| Defendant, | ) | |

## <u>MEMORANDUM OPINION</u>

On October 15, 2024, Plaintiff, Zhanea Davis, filed a complaint in the Court of Common

Pleas of Allegheny County, alleging race discrimination and retaliation claims under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. §2000e, and discrimination under the Pennsylvania

Human Relations Act ("PHRA"), 44 P.S. §954. On December 2, 2024, Defendant, Art of

Eyecare, removed the action to this Court. (ECF No. 1). On January 9, 2025, Defendant filed a

Partial Motion to Dismiss and accompanying brief, arguing that this Court lacked jurisdiction

over Plaintiff's PHRA claim. (ECF Nos. 5 & 6). On January 30, 2025, Plaintiff filed a Brief in

Opposition to Defendant' Partial Motion to Dismiss. (ECF No. 7). On February 6, 2025,

Defendant filed its Reply. (ECF No. 8). For the reasons below, Defendant's Partial Motion to

Dismiss will be granted.

### I.    Statement of Facts

Ms. Davis alleged that, on June 13, 2024, she filed a timely Charge of Discrimination with

the Equal Employment Opportunity Commission, alleging that she was subject to race

discrimination and retaliation. (ECF No.1, at ¶ 4). Ms. Davis alleges that she dual filed the

Charge with the Pennsylvania Human Relations Commission ("PHRC"). (*Id.*). On July 15, 2024, the EEOC issued Ms. Davis a Notice of Right to Sue. (*Id.* ¶ 6). Ms. Davis alleges that, pursuant to the work sharing agreement between the EEOC and PHRC, the PHRC adopts the EEOC's determination, regarding discrimination allegations, unless a party objects to the same. (*Id.* ¶ 5). Ms. Davis further alleges that no party objected to the EEOC's determination to conclude its investigation and issue a right to sue letter to Ms. Davis. (*Id.*).

## II.    Relevant Legal Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A

pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

### III.    Discussion

### A. PHRA Claim

Defendant argues that this Court does not have subject matter jurisdiction over Ms. Davis' PHRA claim, because Ms. Davis has not alleged that she exhausted her administrative remedies under the PHRA. (ECF No. 6, at 3). Ms. Davis argues that Defendant improperly raised its failure to exhaust administrative remedies argument, because it is an affirmative defense that is not jurisdictional in nature. (ECF No. 7, at 2). Ms. Davis also contends that, pursuant to 42 U.S.C. § 2000e-5, state administrative remedies are considered exhausted unless evidence to the contrary is provided. (*Id.* at 3). Ms. Davis argues that Defendant has not provided any evidence that Ms. Davis did not exhaust her administrative remedies under the PHRA. (*Id*).

Before filing a claim under the PHRA, a plaintiff must exhaust her administrative remedies under the act. 42 Pa. C.S.A. § 962(c)(1). If the PHRC does not act on the Complaint within a year from its filing, or the PHRC dismisses the complaint within that year, then the plaintiff may file suit. *Price v. Phila. Electric Co.,* 790 F. Supp. 97, 99 (E.D. Pa. 1992). A court does not have jurisdiction over a PHRA claim if a plaintiff fails to exhaust the administrative remedies provided by the statute. *Rosetsky v. Nat'l Bd. of Med. Examiners of the U.S.*, 350 Fed. Appx. 698, 703 (3d Cir. 2009).

Here, Ms. Davis alleges that she dual filed her Charge of Discrimination to the EEOC and PHRA on June 13, 2024. She filed the present lawsuit on October 15, 2024, in the Allegheny County Court of Common Pleas, before the one-year investigation period under the PHRA had expired. Ms. Davis further alleged that she received a Right to Sue letter from the EEOC on July 15, 2024. Ms. Davis does not allege any facts to establish that the PHRC had dismissed her complaint made to the PHRC. Ms. Davis' contention that the working agreement between the EEOC and PHRC makes the EEOC's right to sue letter issued to Ms. Davis sufficient to exhaust the PHRA's administrative remedies is misguided. The PHRA clearly calls for either a dismissal of the complaint before it, or a passing of one year without said dismissal, before administrative remedies are deemed satisfied and an action can be brought in court. One year from Ms. Davis' initial June 13, 2024 filing has not passed, and Ms. Davis has not alleged that the PHRC dismissed her discrimination complaint. Thus, Ms. Davis has not yet exhausted her PHRC administrative remedies.

Additionally, Ms. Davis' argument that Defendant improperly brought this issue to the Court's attention through a 12(b)(6) motion also falls short. As indicated by Defendant, courts in this Circuit have routinely dismissed premature PHRA claims due to failure to exhaust

4

administrative remedies. *See Perry v. Eagle Lake Cmty. Ass'n*, 2024 U.S. Dist. LEXIS 46668, *
3-4 (M.D. Pa. 2024) ("The exhaustion requirements of the PHRA are mandatory and dictate
dismissal of PHRA claims where the administrative process has not been complete prior to the
filing of a civil action."); *Foley v. Drexel Univ.*, 2023 U.S. Dist. LEXIS 96049, *22-23 (E.D. Pa.
2023) (holding where this is no indication that the PHRC either dismissed the charge or entered a
conciliation agreement, nor had a year elapsed since filing of the charge, then those claims
remained unexhausted and must be dismissed without prejudice); *Traxler v. Mifflin County Sch.
Dist.*, 2008 U.S. Dist. LEXIS 21403 (M.D. Pa. 2008) (dismissing premature PHRA claim
because exhaustion of administrative remedies is a prerequisite to filing suit under that statute).

Thus, Ms. Davis has failed to allege facts to establish that she has exhausted her
administrative remedies under the PHRA. Defendant's Motion to Dismiss Ms. Davis' PHRA
claim, at Count III of the Complaint, will be granted, without prejudice.

**B. Attorney's Fees**

Defendant argues that the Court should award attorney's fees to Defendant's counsel for the
preparation of the present motion. (ECF No. 6, at 5). Defendant argues that despite the notice
provided to Ms. Davis about the lack of jurisdiction over the PHRA claim, Ms. Davis' counsel
said they would amend their complaint only if Defendant paid for the attorney's fees associated
with amending said complaint. (*Id.*). Ms. Davis argues that Defendant failed to adhere to this
Court's standing order and Rule 11 of the Federal Rules of Civil Procedure in asking for
attorney's fees for the preparation of the present motion. (ECF No. 7).

The Court notes that Ms. Davis' counsel's conduct regarding withdrawal of the PHRA
claim, was distasteful, counterproductive and a waste of both defense counsel and the Court's

time. Notwithstanding, at this stage of the case, no award of sanctions or attorney's fees will be issued. This ruling is without prejudice.

### IV.    Conclusion

For the reasons above, Defendant's Partial Motion to Dismiss will be granted. Ms. Davis' discrimination claim under the PHRA, at Count III of the Complaint, will be dismissed, without prejudice. Defendant's motion for sanctions and attorney's fees will be denied, without prejudice.

DATE: May 7, 2025

Marilyn J. Horan
United States District Judge